IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WMR REAL ESTATE HOLDING, LLC, <br> 3 Fox Knoll Court <br> Lutherville, MD 21093 | * <br><br> * | |
| Plaintiff | * | Civil Action No.: |
| v. | * | |
| SCOTTSDALE INSURANCE COMPANY, <br> P.O. Box 4110 <br> Scottsdale, AZ 85261 | * <br><br> * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446, Defendant, Scottsdale Insurance Company ("Scottsdale"), hereby gives notice that it is timely removing this action to the United States District Court for the District of Maryland because the amount in controversy exceeds the jurisdictional limits and there is complete diversity of citizenship among the parties. In support of this Notice of Removal, Scottsdale states as follows:

**Nature of the Case**

1.  On January 10, 2019, WMR Real Estate Holdings, Inc. ("WMR") filed a complaint against Scottsdale in the Circuit Court of Maryland for Baltimore County ("State Court Action"). On or about January 22, 2019, WMR served an undated Summons and Complaint upon Scottsdale through the Maryland Insurance Administration. A true and correct copy of the Summons and Complaint served on Scottsdale is attached hereto as **Exhibits A** and **B**.

2.  In the State Court Action, WMR contends it is an insured under a commercial general liability policy issued to Dimitrios Vangelakos for purposes of defense and indemnification of an

underlying personal injury lawsuit filed in the Circuit Court of Maryland for Baltimore County, encaptioned *Shaw, et al., v. WMR Real Estate Holdings, LLC*, et al., No. 03C16000642 ("Underlying Lawsuit").

3. The plaintiffs in the Underlying Lawsuit sought damages for WMR's alleged negligence that resulted in their assault on its property.

4. In letters dated July 12, 2016 and December 15, 2016, Scottsdale disclaimed any duty to defend or indemnify WMR in connection with the Underlying Lawsuit.

5. The Underlying Lawsuit subsequently settled. WMR alleges in the State Court Action that it paid the plaintiffs $42,500.00. WMR also alleges it incurred attorney's fees and costs in the amount of $15,207.50 in connection with the defending the Underlying Lawsuit.

**Requirements for Removal**

6. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty (30) days from the date Scottsdale was served with the Summons and Complaint in the State Court Action.

7. Removal is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Maryland for Baltimore County, the court in which the State Court Action is pending, is located within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

8. The removing defendant is the only defendant sued; therefore, no consent to remove is required.

9. Pursuant to 28 U.S.C. § 1446(a) and L.R. 103.5(a), true and correct copies of all process, pleadings, documents, and orders filed and served on Scottsdale in the State Court Action are attached hereto as **Exhibits A** and **B**.

10. Pursuant to 28 U.S.C. § 1446(d), Scottsdale is contemporaneously herewith providing written notice of the removal of the State Court Action to WMR's counsel and filing a Notice of Filing

22233063.v2

Notice of Removal with the Clerk of the Circuit Court for Baltimore County. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

**Statutory Basis for Federal Jurisdiction**

11. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Scottsdale pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is based on diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

12. Plaintiff, WMR, is a Maryland limited liability company with its principal place of business in Lutherville, Maryland. WMR's sole members are Dimitrios and Mary Vangelakos, both of whom are Maryland citizens and residents of Baltimore County, Maryland.

13. Defendant, Scottsdale, is a corporation organized under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

14. Since both parties are citizens of different states, complete diversity is satisfied.

15. Additionally, WMR seeks $57,707.50 in damages incurred in connection with the Underlying Lawsuit plus its attorney fees for this action.

16. Courts consider requests for attorney fees when determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). When ascertaining the amount of prospective attorney fees, the court considers the complexity of the issues involved and whether any of these issues were addressed in previous litigation. *Id.* at 369.

17. WMR's attorney fees in this action could greatly exceed $17,292.50 for the following reasons:

- This action involves the interpretation of an insurance policy, which was not addressed in the Underlying Lawsuit.

- Scottsdale intends to file a counterclaim for declaratory judgment against WMR, which WMR will need to answer.

- While Scottsdale anticipates that this action should be resolved in its favor, WMR has already served extensive requests for production of documents and interrogatories upon Scottsdale.

- WMR contends Scottsdale suffered no prejudice from the assignment of Mr. Vangelakos' rights to WMR, a conclusion that, if relevant to this Court's consideration of the validity of the policy's anti-assignment provision, is factually-intensive in nature.

- Scottsdale and WMR, upon information and belief, dispute that the assignment of Vangelakos' rights to WMR was effective.

- If no dispositive motion in this case is granted, there will be a trial on the effectiveness of the assignment and the prejudice to Scottsdale.

- WMR has the same attorney, Mr. Silbiger, as it did in the Underlying Lawsuit, in which WMR purportedly incurred more than $15,000 in attorney fees without the filing of a dispositive motion.

Accordingly, WMR should, at a minimum, incur fees in excess of $17,292.50 by answering Scottsdale's counterclaim, analyzing discovery responses and a discovery motion, complying with its own discovery obligations, and briefing dispositive motions. In turn, the amount in controversy in this action exceeds the jurisdictional threshold of $75,000.

Respectfully submitted,

By: /s/ *Jessica P. Butkera*
Jessica P. Butkera (Bar No. 29875)
Goldberg Segalla LLP
One North Charles Street, Suite 2500
Baltimore, Maryland 21201

22233063.v2

                                            Ph: 443.615.7517
                                            jbutkera@goldbergsegalla.com
                                            *Attorney for Scottsdale Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2019, a copy of the foregoing Notice of Removal was electronically filed by CM/ECF and mailed, postage prepaid, to:

David M. Silbiger, Esq.
Silbiger Law Offices
110 East Lexington Street, Suite 100
Baltimore, Maryland 21202
Attorney for Plaintiff

                                            By: */s/ Jessica P. Butkera*
                                                Jessica P. Butkera