# EXHIBIT B

| | | |
|---|---|---|
| WMR REAL ESTATE HOLDING, LLC | * | IN THE |
| 3 Fox Knoll Court | | |
| Lutherville, MD 21093 | * | CIRCUIT COURT |
| | | |
| Plaintiff | * | OF MARYLAND |
| | | |
| v. | * | FOR |
| | | |
| | * | BALTIMORE COUNTY |
| SCOTTSDALE INSURANCE COMPANY | | |
| P.O. Box 4110 | * | |
| Scottsdale, AZ 85261 | | |
| | * | Case No. |
| SERVE ON: AL REDMER, JR. | | |
| | * | |
| MARYLAND INSURANCE | | |
| ADMINISTRATION | * | |
| 200 St. Paul Plaza, Suite 2700 | | |
| Baltimore, MD 21202 | * | |
| | | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

NOW COMES Plaintiff WMR Real Estate Holding, LLC by and through its

undersigned counsel David M. Silbiger, Esquire and sues the Defendant Scottsdale

Insurance Company and for cause states:

1.   That Plaintiff WMR Real Estate Holding, LLC ("WMR") is a Maryland

limited liability company in good standing in the State of Maryland.

2.   That Defendant Scottsdale Insurance Company ("Scottsdale") is a foreign

corporation, is in the insurance business, is in good standing in the State of Maryland and

engages in business in Baltimore County.

3.   That WMR is the sole owner of the land and improvements known as and

located at 7207 Windsor Mill Road, Baltimore County, Maryland 21244 (the "Property").

1

4.     That WMR obtained title to the Property on July 23, 2014 pursuant to a

deed from Dimitrios and Mary Vangelakos (collectively the "Vangelakoses") and Elias

and Vula Rizakos (collectively the "Rizakoses"), all of whom previously held the Property

in their individual names.

5.     That also in July, 2014, the Rizakoses assigned their membership interests

in WMR to the Vangelakoses, who since then have held a one hundred percent (100%)

ownership interest in WMR. The Property having been owned as a business enterprise by

the same parties at all relevant times.

6.     That Scottsdale issued a Commercial General Liability insurance policy to

Dimitrios Vangelakos, No. CPS2015939, effective June 1, 2014 to July 1, 2015 (the

"Policy").

7.     That notwithstanding that the Policy was issued to Dimitrios Vangelakos,

the Vangelakoses, the Rizakoses and WMR believed at all times that their insurance agent

and Scottsdale were aware of how title to the Property was held.

8.     That the Policy clearly indicated it to be a "Lessor's Risk" policy in

multiple locations and in the Schedule of Locations referred to the "Designated Premises"

as the Property 7207 Windsor Mill Road, Baltimore, Maryland 21244.

9.     That the "Limitation of Coverage to Designated Premises" within the

Policy states that "This insurance does not apply to 1. "Bodily Injury", "property damage",

or "personal and advertising injury" occurring on any premises other than the designated

premises shown in the Schedule above [the Property] …", thereby clearly reflecting that

the purpose of the Policy was to insure the Lessor/Owner against a claim occurring on the

"Designated Premises", the Property.

10.     That on January 21, 2016, Dewayne A. Shaw and William Wingo (collectively the "Claimants") filed suit against WMR, the Vangelakoses, RV and Associates Ltd, Windsor Inn and Baltimore Protection Services, LLC in the Circuit Court for Baltimore County, which case was assigned Case No. 03C16000642 (the "Lawsuit").

11.     That the Lawsuit alleged, among other things, that the Claimants were attacked and injured in the parking lot of the Property on December 28, 2014 and that their injuries were as a result of the negligence of the defendants named in the Lawsuit.

12.     That WMR was included as a defendant in the Lawsuit as a consequence of it being the owner of the Property.

13.     That WMR was current in its premium payments to Scottsdale on December 28, 2014, having made payment to Scottsdale for premiums due under the Policy from the date of its becoming owner of the Property, which premiums were accepted from WMR and retained by Scottsdale.

14.     That WMR and the Vangelakoses requested that Scottsdale provide each of them with a defense to the claims made against them in the Lawsuit and be responsible for any losses that they may incur.

15.     That Scottsdale provided a defense to the Vangelakoses, but disclaimed a defense and indemnity for WMR, claiming that WMR is not an insured under the Policy and that the Policy could not be assigned from the Vangelakoses to WMR without Scottsdale's written consent.

16.     That when the Lawsuit first became known, the Vangelakoses requested a Certificate of Liability Insurance and one was issued on May 9, 2016, reflecting WMR and Dimitrios Vangelakos as insured by Scottsdale, insuring the Property indicating the period

of coverage to be from February 5, 2004 to February 5, 2015.

17. That there can be no dispute that the Policy was in full force and effect on the date that the Claimants in the Lawsuit allege they were assaulted at the Property.

18. That it is clear that the Property was what was insured under the Policy on the date of the claim made by the Claimants in the Lawsuit, for if not, the intended purpose of the Policy would be totally frustrated and the Policy meaningless.

19. That WMR engaged in no business activity other then its ownership of the Property.

20. That the Policy clearly was intended to insure the owners of the Property against claims as made by the Claimants in the Lawsuit.

21. That the risk to Scottsdale was in no way increased as a result of the transfer of the Property from the Vangelakoses and Rizakoses to the limited liability company, WMR, now wholly owned by the Vangelakoses.

22. That in that WMR has at no time had any assets other than the Property, has conducted no business other than the ownership of the Property and is owned solely by the Vangelakoses, who owned the Property with the Rizakoses before the transfer of the Property to WMR, there could not be any basis to a claim that Scottsdale would not have approved the transfer of the Property.

23. That the Lawsuit continued with counsel retained by Scottsdale representing the Vangelakoses and the undersigned counsel representing WMR until a settlement with the Claimants was reached, which was approved by Scottsdale (the "Settlement").

24. That in connection with the Settlement, each of WMR and Scottsdale paid

4

the Claimants Forty-Two Thousand Five Hundred Dollars ($42,500.00).

    25.    That in addition to making payments to the Claimants as referenced

immediately above, WMR paid attorney fees and costs to counsel in the amount of Fifteen

Thousand Two Hundred Seven Dollars and Fifty Cents ($15,207.50) for services rendered

in connection with defending the claims made in the Lawsuit.

    26.    That Scottsdale breached its contract of insurance with WMR by not

providing WMR with a defense (and thereby forcing WMR to incur attorney fees) and by

not indemnifying WMR for the payment WMR made to Claimants.


    **WHEREFORE**, Plaintiff WMR Real Estate Holding, LLC demands judgement

against Defendant Scottsdale Insurance Company in the amount of Fifty-Seven Thousand

Seven Hundred Seven Dollars and Fifty Cents ($57,707.50), plus costs, interest and

reasonable attorney fees.


                      Respectfully submitted,

                      David M. Silbiger, Esquire
                      110 E. Lexington Street, Suite 100
                      Baltimore, MD 21202
                      410-685-1616
                      Attorney for Plaintiff
                      *WMR Real Estate Holding, LLC*

IN THE CIRCUIT COURT FOR <u>Baltimore County</u>     ☐▼
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT     CASE NUMBER _____
(Clerk to insert)

CASE NAME: <u>WMR Real Estate Holding, LLC</u>  vs.  <u>Scottsdale Insurance Company</u>
            Plaintiff                                 Defendant

PARTY'S NAME: WMR Real Estate Holding, LLC          PHONE: _____

PARTY'S ADDRESS: 3 Fox Knoll Court, Lutherville, MD 21093

PARTY'S E-MAIL: _____

If represented by an attorney:

PARTY'S ATTORNEY'S NAME: David M. Silbiger, Esquire     PHONE: 410-685-1616

PARTY'S ATTORNEY'S ADDRESS: 110 E. Lexington Street, Suite 100, Baltimore, MD 21202

PARTY'S ATTORNEY'S E-MAIL: dsilbiger@silbigerlawoffices.com

JURY DEMAND? ☐Yes ☒No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: ____ hours  1 days

### PLEADING TYPE

New Case: ☒Original  ☐Administrative Appeal  ☐Appeal
Existing Case: ☐Post-Judgment  ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☒ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)     Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☒ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☐Liability is not conceded, but is not seriously in dispute. ☒Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000      ☐ $10,000 - $30,000      ☒ $30,000 - $100,000      ☐ Over $100,000

☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation      ☒Yes  ☐No            C. Settlement Conference   ☒Yes  ☐No
B. Arbitration    ☐Yes  ☒No            D. Neutral Evaluation       ☐Yes  ☒No

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*      **(Case will be tracked accordingly)**

☐ 1/2 day of trial or less           ☐ 3 days of trial time

☐ 1 day of trial time                ☐ More than 3 days of trial time

☐ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of      ☐ **Standard -** Trial within 18 months of
Defendant's response                          Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff................................... |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

January 8, 2018
_____
Date

110 E. Lexington Street, Suite 100
_____
Address

Baltimore          MD          21202
_____
City          State          Zip Code

_____
Signature of Counsel / Party

David M. Silbiger, Esquire
_____
Printed Name

IN THE CIRCUIT COURT FOR ............................................................................................................
                                                      (City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

**Plaintiff**: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

**Defendant**: You must file an Information Report as required by Rule 2-323(h).
*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☐PLAINTIFF  ☐DEFENDANT     CASE NUMBER ....................................
                                                                                              (Clerk to insert)

**CASE NAME:** ........................................... vs. ...........................................
                                    Plaintiff                                           Defendant

**PARTY'S NAME:** ...............................................     **PHONE:** ..................

**PARTY'S ADDRESS:** ...............................................................................

**PARTY'S E-MAIL:** ...............................................................................

### If represented by an attorney:

**PARTY'S ATTORNEY'S NAME:** ...................................     **PHONE:** ..................

**PARTY'S ATTORNEY'S ADDRESS:** ...............................................................

**PARTY'S ATTORNEY'S E-MAIL:** ...............................................................

**JURY DEMAND?** ☐Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☐No  If yes, Case #(s), if known:...................

**ANTICIPATED LENGTH OF TRIAL?:** ........hours ........days

### PLEADING TYPE

**New Case:** ☐Original        ☐ Administrative Appeal    ☐ Appeal
**Existing Case:** ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☑ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute.  ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☐ Over $100,000

☐ Medical Bills $_____   ☐ Wage Loss $_____   ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation  ☐ Yes  ☐ No          C. Settlement Conference  ☐ Yes  ☐ No
B. Arbitration  ☐ Yes  ☐ No          D. Neutral Evaluation  ☐ Yes  ☐ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*    ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

***For all jurisdictions***, *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
   Defendant's response                                          Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff ........................... . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

.............................................
Date

.............................................
Address

.............................................
City     State     Zip Code

.............................................
Signature of Counsel / Party

.............................................
Printed Name

WMR REAL ESTATE HOLDING, LLC    *    IN THE
3 Fox Knoll Court
Lutherville, MD 21093    *    CIRCUIT COURT

     Plaintiff    *    OF MARYLAND

v.    *    FOR

   *    BALTIMORE COUNTY

SCOTTSDALE INSURANCE COMPANY
P.O. Box 4110    *
Scottsdale, AZ 85261
   *    Case No. 03-C-19-000288

<u>SERVE ON: AL REDMER, JR.</u>
   *

MARYLAND INSURANCE
ADMINISTRATION    *
200 St. Paul Plaza, Suite 2700
Baltimore, MD 21202    *

     Defendant    *

*    *    *    *    *    *    *    *    *    *    *

## INTERROGATORIES

**TO:**      **Scottsdale Insurance Company**
**FROM:**    **WMR Real Estate Holding, LLC**

     **NOW COMES** the Plaintiff WMR Real Estate Holding, LLC by and through its

attorney David M. Silbiger and propounds the following Interrogatories pursuant to Rule

2-421 of the Maryland Rules of Procedure.   The Interrogatories are to be read and

interpreted in accordance with the definitions, and the answers are to be furnished in

accordance with the instructions set forth hereinafter.

## GENERAL INSTRUCTIONS

     These Interrogatories refer to the allegations set forth in the Plaintiffs' Complaint
and all subsequent pleadings filed in connection with this case.   The Interrogatories are
continuing in character and, to the extent that the answers thereto may be enlarged,
diminished or otherwise modified by information acquired by you subsequent to filing the
initial answers hereto, you are required to serve, and file promptly thereafter, supplemental

answers setting forth such information.

These Interrogatories shall be read and interpreted in accordance with the definitions set forth below:

(A) The word "document" means the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof which are different in any way from the original (whether by interlineations, receipt stamp, notation, indication of copies sent or received, or otherwise), including, without limitation, any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, working paper, summary, intra-office communication, diary, chart, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, records or recording or summary of any telephone or other conversation, of any interview or of any conference, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter of which you have or have had possession, custody, or control of or which you have knowledge.

(B) The word "person" includes natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state, and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations, or organizations, and any other group or combination acting as an entity.

(C) The terms "identify" and "identity" or "identification" mean:
  (i)   With respect to a natural person, to state the full name and present or last known residence and employment addresses of each person, job description and title at the employment, and the present or last known telephone number of each person.
(ii)   With respect to a corporation, to state the corporation's full name, state (or country, if not domestic) of incorporation, and the address of its principal office.
(iii) With respect to a person other than a natural person or corporation, to state its proper name or designation and its principal office address.
(iv) With respect to a document, whether or not that document is presently in existence, to state the date that document bears or bore or, if undated, the date it was written, the name and address of each person who wrote it or participated in the writing of it, each person to whom a copy was identified as being directed, the name and address of each person who received a copy of the document, a description of the document (as, for instance, "letter", "memorandum"), a detailed summary of the contents of the document, its present location or custodian of each copy or, if unknown, its last known location or custodian and, if the document is no longer in existence or is no longer in your possession, custody, or control, the disposition made of it.   In lieu of further identification, a copy of a document may be attached, if, in your answer, you set forth the date and description of the document and note that a copy has been attached.

(D) The word "you" refers to the party or parties to whom these Interrogatories are addressed, as well as the party's or parties' agents, representatives, and, unless privileged, attorneys.   Where knowledge or information in the possession of a party is requested, such request includes knowledge or information in the possession of such person.

(E) If any matter responsive to any of the following Interrogatories is being withheld based on any claim of privilege, describe generally the matter withheld, state the privilege being relied upon and identify all persons who have or have had access to said matter.

(F) If the answer to any Interrogatory is that you lack knowledge of the requested information, describe all efforts made by you to obtain the information necessary to answer the Interrogatories.

*     *     *     *     *

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify all persons who prepared or participated in the preparation of the answers to these Interrogatories, including their names, business addresses, job titles or positions, and length of service with you, and as to each such Interrogatory, identify all persons who answered or supplied the information to that particular Interrogatory.

**INTERROGATORY NO. 2:**     State the full correct legal name of Defendant, its state and date of incorporation, when it was qualified to do business in the State of Maryland, the name and address of its Maryland Resident Agent and its managing officer in the State of Maryland.

**INTERROGATORY NO. 3:**     Identify all persons whom you believe have knowledge of any of the facts, circumstances, and allegations alleged in the Complaint and for each person identified, state separately a brief summary of the facts known by each person and the basis of his or her knowledge of such facts.

**INTERROGATORY NO. 4:**     Identify all expert witnesses you have

3

consulted, plan to consult, or which you intend to call as witnesses at the trial of this case. For each expert you identify; (a) identify his/her field of expertise; (b) identify his/her present occupation, employer and position; (c) identify the history of his/her educational background; (d) provide a resume of his/her professional and/or employment background; (e) list all educational or academic degrees conferred, including any honors and awards; (f) list memberships and/or affiliations in any professional associations and organizations; (g) identify his/her present business and residential addresses; (h) provide a statement of his/her relationship to you, if any; (i) describe the substance of all testimony which you intend to adduce through him/her; (j) summarize the facts upon which he/she has relied to support his/her intended testimony; (k) identify the facts upon which you predicate your claim that he/she has relied to support his/her intended testimony; (l) list the exact citation to all professional literature upon which he/she will rely or has relied to support his/her intended testimony; and, (m) attach to your answers copies of any written reports obtained from any identified expert.

**INTERROGATORY NO. 5:**     If you claim, contend and/or believe that Plaintiff has made any admission and/or declarations against its legal or pecuniary interests relative to the factual matters and issues involved in this lawsuit, identify and describe in detail each and every fact upon which you rely to support your claim, contention and/or belief including, but not limited to, (a) the substance of each alleged admission or declaration; (b) the date(s) on which each admission or declaration was made; (c) the identity of the individuals to whom the admission or declaration was made; and, (d) the identity of any document, record or note memorializing each alleged admission or declaration and attach to your answers the original or any copy of any statement

4

concerning this action or its subject matter previously made by the party seeking discovery, whether a written statement signed or otherwise adopted or approved by that party, or a stenographic, mechanical, electrical, or other recording, transcription thereof, that is a substantially verbatim recital of an oral statement made by that party and contemporaneously recorded.

**INTERROGATORY NO. 6:**    If you intend to rely upon any oral statements or nonverbal assertions at trial, whether made by you, Plaintiff, or any of your or their respective agents, representatives or employees, identify the individuals who made any such oral statement(s) or assertion and identify the individual to whom each oral statement or assertion was made.

**INTERROGATORY NO. 7:**    If you contend that any other person, firm or corporation is responsible in whole or in part for any of the claim referred to in the Complaint, state the identity of each person, firm or corporation; the facts upon which your contention is based; the amount of the claim such person, firm or corporation is responsible for; the identity of each person with personal knowledge of these allegations; and all documents which form a basis for your contention.

**INTERROGATORY NO. 8:**    State in detail all defenses you allege you have with respect to Plaintiff's claim and attach to your answers any written instrument upon which a defense is founded.

**INTERROGATORY NO. 9:**    Identify and describe all documentary sources of information used, referred to or relied on to answer any of these Interrogatories.

**INTERROGATORY NO. 10:**    State the nature of all correspondence and/or communication between you and any person, firm or corporation concerning the Plaintiff,

5

including in your answer when the correspondence and/or communication occurred, medium of the correspondence and/or communication (i.e. by telephone, mail, e-mail, etc.), content of the communication and response thereto if any.

**INTERROGATORY NO. 11:**   With respect to any applications for insurance coverage concerning 7207 Windsor Mill Road, Baltimore County, Maryland 21244 (the "Property") at any time, state when the applications were prepared, by whom prepared, to whom each was forwarded, the dates same were received and your responses to each application, indicating for each if a policy of insurance was issued.

**INTERROGATORY NO. 12:**   For each policy of insurance providing coverage for the Property at any time, indicate the name of the insured party or parties, the policy number, the dates of coverage and the amounts of coverage.

**INTERROGATORY NO. 13:**   Explain the process whereby insurance coverage requested by a potential client is granted or rejected, including in your answer, your internal procedures and your external activities.

**INTERROGATORY NO. 14:**   Have you ever denied a request from an individual or individuals for whom you then insured a real property to continue identical coverage but in the name of a single purpose corporation or limited liability company that would only hold title to the said real property but do no other business activity and which would be solely owned by the same individual or individuals, when there was no adverse change in the condition of the individual or individuals or the real property at issue, and if you have, state the names of all such individuals, the addresses of the real properties there at issue and the basis of your denials of coverage.

**INTERROGATORY NO. 15:**   If Dimitrios and Mary Vangelakos (the

"Vangelakoses") had come to you in late 2015 and requested that you continue insurance coverage on the Property, but in the name of WMR Real Estate Holding, LLC rather than their names, are you aware of any facts that would have lead to a denial of such a request and if so, set forth those facts in your answer.

**INTERROGATORY NO. 16:**    Do you admit that the Commercial General Liability insurance policy issued to Dimitrios Vangelakos, No. CPS2015939 (the 'Policy') was in effect on January 21, 2016 and if you do not, set forth all facts in support of your denial.

**INTERROGATORY NO. 17:**    Do you allege that your exposure and/or risk under the Policy was increased as a result of the transfer of the ownership of the Property from the Vangelakoses to Plaintiff, and if you do, set forth all facts in support of your contention.

**INTERROGATORY NO. 18:**    Do you admit that prior to January 21, 2016, you received and accepted checks from Plaintiff in payment of premiums due on the Policy, and if you did, on what dates did that occur and why did you retain and deposit same.

**INTERROGATORY NO. 19:**    State all facts in support of your behalf that it was appropriate to provide a defense and indemnity to the Vangelakoses concerning the lawsuit filed by Dewayne A. Shaw and William Wingo on January 21, 2016 (the "Lawsuit"), but not to provide a defense and indemnity to Plaintiff in connection with the Lawsuit.

**INTERROGATORY NO. 20:**    Do you allege that Plaintiff has failed to comply with any prerequisite prior to filing this lawsuit and if you do, state the

7

prerequisite(s) for which compliance did not occur.


David M. Silbiger, Esq.
110 E. Lexington Street, #100
Baltimore, Maryland 21202
410-685-1616

| | | |
|---|---|---|
| WMR REAL ESTATE HOLDING, LLC | * | IN THE |
| 3 Fox Knoll Court | | |
| Lutherville, MD 21093 | * | CIRCUIT COURT |
| | | |
| Plaintiff | * | OF MARYLAND |
| | | |
| v. | * | FOR |
| | | |
| | * | BALTIMORE COUNTY |
| SCOTTSDALE INSURANCE COMPANY | | |
| P.O. Box 4110 | * | |
| Scottsdale, AZ 85261 | | |
| | * | Case No. 03-C-19-000288 |
| SERVE ON: AL REDMER, JR. | | |
| | * | |
| MARYLAND INSURANCE | | |
| ADMINISTRATION | * | |
| 200 St. Paul Plaza, Suite 2700 | | |
| Baltimore, MD 21202 | * | |
| | | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, WMR Real Estate Holding, LLC, by its attorney, David M. Silbiger, hereby requests, pursuant to Rule 2-422 of the Maryland Rules of Procedure, that Scottsdale Insurance Company produce and make available for inspection and copying at the offices of David M. Silbiger, 110 East Lexington Street, Suite 100, Baltimore, Maryland 21202 all documents within its possession, custody or control as further specified below.

## INSTRUCTIONS AND DEFINITIONS

1.     This Request is intended to cover all documents in the possession of Scottsdale Insurance Company or subject to its custody and control.

1

2.    As used in this Request, the term "documents" means, without limitation, the following items, whether printed or recorded or reproduced by any mechanical or photographic process, or written or produced by hand:   agreements; communications; reports; correspondence; telegrams; memoranda; summaries or records of telephone conversations or teleconferences; summaries or records of personal conversations, meetings or interviews; summaries, records or notes of meetings, conferences or teleconferences; summaries, reports or notes of investigations or negotiations; diaries; graphs; computer printouts; computer discs, tapes or other computerized materials; notebooks, note charts; plans; drawings; sketches; maps; opinions or reports of consultants, auditors or other experts; photographs; slides; motion picture films; photographic negatives; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; appointment books; calendars; desk pads; logs; minutes of meetings; invoices; credits; debits; transcripts; checks; entries in books of account; ledgers; any marginal comments or notes appearing on any documents; and all other writings.   The term "photographs" shall include any photograph, print, negatives or film.

3.    Where a particular document is described, e.g., agreements, minutes, etc., such description shall be deemed to include all drafts of such documents, including the final draft, if any.

4.    If any documents requested herein are not produced due to a claim of privilege (privilege as used herein shall include work product) each such document shall be adequately described, and the factual basis for the claim of privilege stated.   Documents shall be deemed to have been adequately listed and described for the purpose of this

2

Request when the following information shall have been provided:

        (a)    the place, approximate date and manner of preparation of the document;

        (b)    the name of each person, including stenographic or clerical assistants, participating in the preparation of the document;

        (c)    the name and corporate position, if any, of each person, other than attorneys representing the Defendant, to whom the contents of the document have heretofore been communicated by copy, blind copy, exhibition, reading, reference or substantial summarization; and

        (d)    the nature of the document and a brief description of its subject matter.

5.    To the extent any Request is objected to on grounds other than privilege, set forth the factual basis of the objection.  If you object in part to any Request, produce all documents included in the remainder of that Request.

6.    Where a complete production to a particular Request is not possible, the production should be made to the extent possible and the response should indicate why only partial production could be made.

7.    If any requested document was, but is no longer in your possession or subject to your custody and control, state what disposition was made of it.

8.    This Request includes the production of all non-identical copies, including drafts and copies upon which notes or comments have been made.

9.    The pronoun "you" and "your" shall refer to Scottsdale Insurance Company

to whom this Request is directed, as well as to any of its agents, employees or authorized representatives, including attorneys, and any partnership, limited partnership, corporation, investment trust or other entity created by it to further its business purposes.

      10.    As used in this Request, the following terms shall be construed as follows:

      (a)    The term "communication" or "communications" shall be deemed to include all written (typed or otherwise) or oral contact whether by correspondence, telephone, in person or otherwise.

      11.    You are specifically requested to file a written response to this Request within thirty (30) days after service of it upon you as required by the Maryland Rules of Procedure.

      12.    The documents requested are to be identified as to the paragraph number of this Request in response to which they are being produced.

      13.    This Request is continuing in character, so as to require you to file supplementary documents if you obtain further or different information before trial.

## DOCUMENTS TO BE PRODUCED

      1.    The complete files maintained by you concerning insurance issued or requested at any time concerning 7207 Windsor Mill Road, Baltimore, MD 21244.

      2.    All correspondence at any time concerning 7207 Windsor Mill Road, Baltimore, MD 21244 be it via written letters, facsimile, e-mail or any other medium.

      3.    Any and all reports from experts concerning either liability or damages and all correspondence and all other material sent to any expert witness expected to testify at the trial of this case, whether or not intended to be sent to him or her; and all

4

correspondence and all of the material received from any expert witness expected to testify

at the trial of this case, whether or not intended to be sent by him or her.

4.      The most recent resume or curriculum vitae of each expert whom you

expect to call as an expert witness at trial.

5.      Any and all documents relied upon and/or identified in your answers to this

party's interrogatories.

6.      Any and all copies of any documents in your possession in any way related

to Plaintiff, Dimitrios Vangelakos, Mary Vangelakos and/or 7207 Windsor Mill Road,

Baltimore, MD 21244.

7.      Copies of all recorded or written statements of Plaintiff, Dimitrios

Vangelakos and/or Mary Vangelakos.

8.      All documents referring to any admissions or statements made by Plaintiff,

Dimitrios Vangelakos and/or Mary Vangelakos or any of its or their representatives

relating to the allegations contained in the Complaint.

9.      All transcripts or recordings of the testimony of any person or persons

relating to the claims being made in this action.

10.     All other documents which you propose to introduce into evidence or rely

upon at the hearing or trial of this case.

11.     A copy of any and all statements of any person claiming to be a witness or

possessing information relative to this action.

12.     Copies of all correspondence concerning the Plaintiff, Dimitrios

Vangelakos, Mary Vangelakos and/or 7207 Windsor Mill Road, Baltimore, MD 21244.

13.     Copies of all written agreements with Plaintiff, Dimitrios Vangelakos and/or Mary Vangelakos.

14.     Copies of all documents that you allege support any defense you are making in this case.

15.     Copies of all insurance policies written at any time covering 7202 Windsor Mill Road, Baltimore, MD 21244.

16.     Copies of all applications for insurance at any time concerning 7207 Windsor Mill Road, Baltimore, MD 21244.

17.     Copies of correspondence with any insurance agents and/or brokers concerning 7207 Windsor Mill Road, Baltimore, MD 21244, including concerning this litigation.

18.     Your written policies and procedures with respect to a request by an existing insured for an assignment of an existing policy of insurance to an entity wholly owned by that insured.

19.     All correspondence by you in response to a request from an existing insured to approve an assignment of an existing policy of insurance to an entity wholly owned by that insured.

**NOTE**: Compliance herewith may be accomplished by mailing copies of all documents to Plaintiff's counsel.   Please contact the undersigned prior to the production date if you do not desire to mail copies.

6

David M. Silbiger, Esquire
110 East Lexington Street, Suite 100
Baltimore, Maryland 21202
410-685-1616
Attorney for Plaintiff
WMR Real Estate Holding, LLC



2018 1130 0001 4451 8503

U.S. POSTAGE

INSURANCE
ADMINISTRATION
200 St. Paul Place, Suite 2700  Baltimore, MD 21202
www.mdinsurance.state.md.us

Process server
Scottsdale Insurance Company
CSC-Lawyers Incorpor
7 St Paul Street, Suite 820
Baltimore, MD 21202-0000