UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 20, 2019

LETTER TO COUNSEL

  RE: *WMR Real Estate Holding, LLC v. Scottsdale Insurance Co.*;
     Civil No. SAG-19-571

Dear Counsel:

  This Court has reviewed the parties' recent filings, ECF 28, 29, in response to its October 4, 2019 Order requesting additional information about WMR's claim for attorney's fees. ECF 27. As described in the October 4, 2019 Order, Defendant Scottsdale Insurance Co. ("Scottsdale") bears the burden to establish that the total amount in controversy, including a reasonable estimate of the fees that Plaintiff WMR Real Estate Holding, LLC ("WMR") will incur in this litigation, exceeds the $75,000 threshold for diversity jurisdiction. *See McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

  WMR's Complaint provides that it seeks $57,707.50 "plus costs, interest, and reasonable attorney fees." ECF 1-3, Exh. B at 5. Critically, if a complaint does not allege a specific amount of damages, the removing defendant must prove by a *preponderance* of the evidence that the amount in controversy exceeds [$75,000]." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (emphasis added); *see also Williams v. Bank of N.Y. Mellon*, 2013 WL 2422895, at *2 (D. Md. June 3, 2013) (applying preponderance standard in "hybrid situation" where damages are partially specified and partially unspecified); *Momin v. Maggiemoo's Int'l*, 205 F.Supp. 2d 506, 510 (D. Md. 2002) (same). Because the amount of damages WMR seeks to recover totals $57,707.50, Scottdale meets its burden if it can establish, by a preponderance of the evidence, that a reasonable estimate of WMR's attorney's fees exceeds $17,292.50.[1]

  In response to discovery requests propounded by Scottsdale, WMR provided an agreement demonstrating that its counsel is entitled to a contingency fee of one-third of all sums recovered in the litigation. ECF 28-1 at 4. If WMR prevails in its claim in its entirety, then, the contingent fee owed to its counsel would be $19,235.83. Because Maryland law allows an insured to recover its attorney's fees from the insurer if the insurer breached a duty to defend, WMR would be entitled to pursue those fees from Scottsdale, in addition to the $57,707.50 it recovers in damages. *See Francis v. Allstate Ins. Co.,* 709 F.3d 362, 368 (4th Cir. 2013); *Mesmer v. Md. Auto. Ins. Fund*,

---

[1] This court notes that removal statutes are strictly construed, with all doubts resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

725 A.2d 1053, 1064 (Md. 1999) (allowing an insured to recover "expenses and attorney fees in a separate contract or declaratory judgment action if such action is filed to establish that there exists a duty to defend."); *Giorgillli v. Goldstein*, 2014 WL 794363, at *3 (D. Md. Feb. 26, 2014) ("[I]n a diversity of citizenship case, federal courts must look to state law to determine the nature and extent of the right the Plaintiff is seeking to have enforced or protected.").

  WMR has made inconsistent arguments in support of its position that the total amount in controversy is below the $75,000 threshold. In its motion, WMR contends that the case is straightforward and will not involve litigation of complex issues. ECF 17. However, WMR did not proffer information about the number of hours its attorney had worked to date, or information about his hourly rate. *Id.* In its supplemental filing, in contrast, WMR argues that under the terms of its fee agreement, if it were to recover $57,707.50 from Scottsdale, it would owe 33% to its counsel, leaving WMR with just $38,471.67. ECF 29 ¶ 3. Although contingency fees are most often deducted from a plaintiff's recovery, WMR's contention ignores that Maryland law expressly permits WMR to seek reimbursement of its fees from Scottsdale. Indeed, in the parties' "Joint Memorandum Regarding Attorneys' Fees," WMR appeared to acknowledge that attorney's fees are not calculated as part of the damages award itself. *See* ECF 26 at 3 ("While the parties agree regarding WMR's potential entitlement to attorneys' fees, each party continues to believe in the merits of their respective positions as to whether WMR will likely spend more than $17,292.50 to fully litigate this case.").

  Even so, the contingency fee agreement does not conclusively determine a reasonable estimate of WMR's fees. If this Court were to award fees to WMR as the prevailing party, it would undertake a traditional lodestar analysis to determine the reasonableness of the fee sought. The existence of the contingency fee agreement, setting the attorney's expectations at the outset of the litigation, would be only one of many factors to be considered.[2] *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting the twelve factor test described in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). In considering the lodestar calculation, the Court notes that according to its records, WMR's counsel has been licensed to practice law for more than 30 years. The guidelines in Appendix B of this Court's Local Rules provide that a reasonable fee for an attorney licensed more than 20 years is $300 to $475 per hour.[3] Assuming a conservative rate of $350 per hour, counsel would only need to work about 50 hours on the case

---

[2] The twelve factors are:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case with in the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Johnson,* 488 F.2d at 88 n.5.

[3] All of the provisions in Appendix B will be applicable to the extent WMR seeks fees at the conclusion of the case.

to exceed $17,292.50. Given that the case already involves a counterclaim and discovery disputes, and will require a series of depositions, in addition to the instant briefing and supplemental briefing on the motion to remand, a reasonable estimate of the hours an attorney will likely spend on the litigation would exceed 50 hours. Furthermore, even if counsel does not expend more than 50 hours on this case, a court is likely to afford significant weight to the contingency fee arrangement to determine the appropriate fee.

   Thus, under either the contingency fee agreement or a more traditional lodestar calculation, it is more likely than not that a reasonable estimate of WMR's fees exceeds $17,292.50.[4] Accordingly, WMR's Motion to Remand, ECF 17, is DENIED. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

            Sincerely yours,

            /s/

            Stephanie A. Gallagher
            United States District Judge

---

[4] Defendants have met their burden even if the Court applies the "legal certainty" rather than "preponderance of the evidence" standard.